**In re Timothy James OLSON and Mary Ann Olson, Debtors.**

**Bankruptcy No. 89–60772–S.**

United States Bankruptcy Court,
W.D. Missouri.

Dec. 15, 1989.

Danny R. Nelson (Chapter 7 Trustee), Springfield, Mo., for petitioner.

Bradford E. Ellsworth, Cabool, Mo., for respondent.

## MEMORANDUM ORDER DENYING TRUSTEE'S OBJECTION TO EXEMPTION

KAREN M. SEE, Bankruptcy Judge.

Pending is the trustee's objection to exemption of a debtor's interest in funds in The Missouri Public School Retirement System. The issue is whether the pension funds are exempt pursuant to either Mo. Rev.Stat. § 169.090 or § 513.430(10)(e). The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

Debtors filed a Chapter 7 petition. The husband is a high school science teacher earning $17,500 per year. The wife is not employed outside the home as the couple has three infant children.

During the three years the debtor has worked for the school district, he has accumulated $7,082.92 in The Missouri Public School Retirement System. Half was contributed by debtor from his salary and half was contributed by ·the school district through matching employer contributions. Under the rules of the retirement plan, debtor's contributions become the property of the retirement system and can be withdrawn only if full-time employment with the member district is terminated. Debtor will not be vested as to the matching employer contributions until he has been employed and in the retirement plan for 10 years.

The trustee objected to exemption of debtor's interest in funds in The Missouri Public School Retirement System, arguing that the funds are not reasonably necessary for the support of debtors or any dependent of debtors under Mo.Rev.Stat. § 513.430(10)(e).

Debtors contend the pension funds are exempt under either Mo.Rev.Stat. § 169.090, which provides a specific exemption for funds in the Missouri Public School Retirement Plan, or § 513.430(10)(e), which provides an exemption for certain pension funds to the extent they are necessary for support of debtors or debtors' dependents.

Under Mo.Rev.Stat. § 513.427, by which Missouri opted out of the federal scheme of exemptions, debtor may claim property exempt pursuant to exemptions allowed by the laws of the state of Missouri. Mo.Rev. Stat. § 169.090 provides a complete exemption for funds in the Missouri Public School Retirement System. The court holds that debtor's interest in the retirement fund is exempt from the bankruptcy estate pursuant to § 169.090.

The holding is consistent with *In re Swanson*, 873 F.2d 1121, 1122 (8th Cir. 1989) in which a similarly situated debtor had an interest in the Minnesota state teachers' retirement fund. The debtor claimed the funds under federal exemptions in 11 U.S.C. § 541(c)(2) rather than under an applicable Minnesota state law exemption which, like Missouri's statute, provided a complete exemption for state teacher's retirement funds. The Eighth Circuit held that debtor's interest in the teacher's retirement fund was not exempt pursuant to 11 U.S.C. § 541(c)(2). However, the Court noted in dicta that "[i]n any event, it is clear that had the debtors selected the exemptions provided under Minnesota law the retirement funds in this case would have been exempt."

The court holds that debtor's interest in the retirement funds is exempt under Mo. Rev.Stat. § 169.090. It is not necessary to address application of § 513.430(10)(e) since the decision is controlled by § 169.090,

234

which applies specifically to this particular retirement plan. Accordingly, it is hereby

ORDERED that the trustee's objection to debtor's exemption of his interest in the Missouri Public School Retirement System is denied.